# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| JOSE VALDES ALVAREZ, | ) | Case No. 8:25-CV-672 |
| Petitioner, | ) | |
| vs. | ) | |
| GREG LONDON, Sarpy County Sheriff; PETER BERG, Director, United States Immigration and Customs Enforcement St. Paul Field Office; TODD M. LYONS, Acting Director, United States Immigration and Customs Enforcement; KRISTI NOEM, Secretary, United States Department of Homeland Security; SIRCE OWEN, Executive Office of Immigration Review; PAMELA BONDI, Attorney General of the United States; DONALD J. TRUMP, President of the United States, in their official capacities, | ) | **MOTION FOR TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION AND REQUEST FOR HEARING** |
| Respondents. | ) | |

## INTRODUCTION

1. Jose Valdes Alvarez was arrested by Immigration and Customs Enforcement (ICE) following a traffic stop by ICE claiming they were looking for a different Jose Valdes. Mr. Valdes has no prior criminal history or ICE encounters. He is being held in the Sarpy County Jail and has a hearing in front of an Immigration Judge (IJ) on December 2, 2025.

2. Valdes has requested a bond redetermination hearing in front of the IJ, however it is expected the IJ will follow the Board of Immigration Appeals (BIA) decision in *Matter of Yajure Hurtado,* 29 I&N Dec. 216 (BIA 2025). The *Yajure* decision found that IJ's do not have jurisdiction to hold a bond hearing for any

noncitizen who entered the country without inspection or admission. The IJ's in the Omaha Immigration Court continue to follow this decision in new detained cases even after several reversals by United States District Courts.

3. Valdes now languishes in custody for the duration of the bond appeal, or even longer, despite qualifying for a bond redetermination hearing in immigration court. As applied to this case, the *Yajure* decision finding no jurisdiction for a bond redetermination hearing, which Valdes fully expects the IJ to follow, is an unconstitutional denial of Mr. Valdes' liberty.

4. Valdes seeks habeas relief under 28 U.S.C. § 2241, which is the proper vehicle for challenging his unlawful detention. *See I.N.S. v. St. Cyr*, 533 U.S. 289, 301, 121 S. Ct. 2271, 2280 (2001) ("At its historical core, the writ of habeas corpus has served as a means of reviewing the legality of Executive detention, and it is in that context that its protections have been strongest.").

5. He respectfully requests that the Court find his detention unlawful and unconstitutional and issue a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 ordering Respondents to immediately release him from custody. Alternatively, the Petitioner requests that this Court order Respondents to provide him with a bond redetermination hearing. In the alternative, he respectfully requests the Court order Respondents to show cause why this Petition should not be granted within three days.

6. Valdes is seeking a preliminary injunction and temporary restraining order during the pendency of this action for the following reasons contained in the enclosed brief.

# ARGUMENT

A temporary restraining order is governed by a four-factor test. Courts must consider whether a petitioner has shown: (1) a likelihood of success on the merits, (2) that he is likely to suffer irreparable harm in the absence of such relief, (3) that the balance of equities tips in his favor, and (4) that an injunction is in the public interest. *Winter v. Nat. Res. Def. Council*, 555 U.S. 7, 20 (2008).

Here, Petitioner is likely to succeed on the merits of his petition for a writ of habeas corpus. Petitioner brings claims against both the federal immigration authorities and Sarpy County for violations of his due process rights, on which he is likely to succeed. Furthermore, the likelihood of further irreparable harm is undeniable, no government entity has any cognizable interest in violating the Constitution of the United States, and an injunction is in the public interest because it will discourage future unlawful government behavior.

I. Petitioner is likely to succeed on the merits regarding his immigration detention.

Petitioner is likely to succeed in his claims against the federal government because ICE and EOIR's refusal to hold a bond hearing in Petitioner's case and cases similarly situated to Petitioners on the merits violates the Administrative Procedures Act, and because such refusal violates his due process rights under the 5th amendment of the United States Constitution.

A. The refusal by DOJ to hold a bond hearing for the Petitioner violates his rights to Due Process.

The Due Process Clause of the Fifth Amendment forbids the government from depriving any "person" of liberty "without due process of law." U.S. Const. amend. V. All people within the territorial bounds of the United States enjoy due process rights, regardless of citizenship. See e.g., *Mathews v. Diaz*, 426 U.S. 67, 77 (1976) ("[T]here are literally millions of [non-citizens] within the jurisdiction of the United States…[and] the Fifth Amendment…protects every one of these persons.") (internal quotation marks omitted); *Yick Wo v. Hopkins*, 118 U.S. 356, 368-69 (1886). These protections apply equally to non-citizens facing deportation proceedings. *Demore v. Kim*, 538 U.S. 510, 523 (2003); *see also Zadvydas*, 533 U.S. at 721 ("[B]oth removable and inadmissible [non-citizens] are entitled to be free from detention that is arbitrary and capricious.") (Kennedy, J., dissenting).

"Freedom from imprisonment—from government custody, detention, or other forms of physical restraint—lies at the heart of the liberty" that the Due Process clause protects. Zadvydas, 533 U.S. at 690. Due process thus requires "adequate procedural protections" to ensure that the government's asserted justification for incarceration "outweighs the individual's constitutionally protected interest in avoiding physical restraint." Id. at 690.

Immigration custody is not intended to be punitive; as such, the government has but two cognizable interests in pursuing discretionary detention under 8 USC 1226: mitigating 1) risk of flight and 2) danger to the community. *See Zadvydas*, 533 U.S. at 690; *Demore*, 538 U.S. at 528. Petitioner has not even had the opportunity for a hearing on the merits regarding these issues, nor will he be given an opportunity

if the IJ follows the BIA's *Yajure* decision. The record from immigration court contains ample evidence that the Petitioner is not a flight risk nor danger to the community.

  B. EOIR's refusal to hold bond hearing on the merits violates the Administrative Procedures Act.

Under the Administrative Procedure Act ("APA"), courts may review "final agency action for which there is no other adequate remedy in court." 5 U.S.C. § 704. In conducting that review, a court must "hold unlawful and set aside" any agency action, findings, or conclusions that are "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law," or that are "unsupported by substantial evidence." 5 U.S.C. § 706(2)(A), (E); see *Citizens to Preserve Overton Park v. Volpe*, 401 U.S. 402, 414 (1971); *Bowman Transportation, Inc. v. Arkansas-Best Freight System, Inc.*, 419 U.S. 281 (1974). Judicial review requires an inquiry into whether the agency considered the relevant factors and avoided a clear error of judgment. The court must also examine the stated reasons for the agency's decision—or the lack thereof. *Encino Motorcars, LLC v. Navarro*, 136 S. Ct. 2117, 2125 (2016) (quoting *Motor Vehicle Mfrs. Ass'n of U.S. v. State Farm Mut. Auto. Ins. Co.*, 462 U.S. 29, 43 (1983)); *Judulang v. Holder*, 565 U.S. 42, 53 (2011).

In this case, the IJ's refusal to exercise jurisdiction over bond redetermination requests for noncitizens such as Valdes constitutes arbitrary and capricious agency action under the APA. Mr. Valdes specifically is a longtime Nebraska resident with deep family and community ties, no criminal history, and clear eligibility for custody

review under 8 U.S.C. § 1226(a). Nevertheless, the IJ will most likely follow *Yajure,* as she has done since the decision's release, and find that Valdes is subject instead to mandatory detention as an "arriving alien" under 8 U.S.C. § 1225(b)(2)(A)—a provision that by its plain language applies only to applicants for admission at the border. The *Yajure* decision fails to consider the relevant statutory framework, ignores controlling regulations that vest IJs with bond jurisdiction in § 1226(a) cases, and provides no reasoned explanation for departing from settled practice. Such an unexplained and legally erroneous departure from established law falls squarely within the type of arbitrary and capricious agency action that courts are required to set aside under 5 U.S.C. § 706(2)(A).

## BALANCE OF EQUITIES

The balance of equities and the public interest clearly support granting a preliminary injunction and temporary restraining order in this case. As outlined above, the Petitioner faces concrete and severe hardship. Furthermore, if Petitioner's continued detention is indeed unconstitutional under the Due Process Clause, the government cannot claim any legitimate harm from an injunction requiring compliance with constitutional standards. See, e.g., *Zepeda v. INS*, 753 F.2d 719, 729 (9th Cir. 1983) (recognizing that the government "cannot reasonably assert that it is harmed in any legally cognizable sense by being enjoined from constitutional violations").

## PUBLIC INTEREST

ICE and EOIR's conduct in this case has been plainly unlawful and shows no regard for statutes, regulations or decades of established practice. It also disregards the due process rights owed to thousands of immigration respondents across the country. An injunction is in the public interest because it will prevent these agencies from repeating such unlawful actions in the future. ICE and EOIR continue this practice even after several court decisions finding its practices are unlawful, unconstitutional, and without statutory authority.

Wherefore, Petitioner asks the Court to issue a preliminary injunction and temporary restraining order granting the relief requested in the Petition until a decision is reached in this matter.

## PRAYER FOR RELIEF

Petitioner Jose Valdes Alvarez respectfully requests that this Court assume jurisdiction over this matter and order the following pending adjudication of his Petition:

1. His immediate release pending these proceedings pursuant to the Court's inherent power pending adjudication of Petitioner's Petition for Writ of Habeas Corpus.

2. In the alternative, if immediate release is not granted, Petitioner asks that the Court order Respondents not to transfer him out of this District during the pendency of the case in order to preserve jurisdiction

3. Alternatively, Petitioner requests this Court to order Respondents to provide Petitioner with a bond redetermination hearing.

Dated this 20th day of November 2025.

                                                    <u>/s/ Christopher J. Roth</u>
                                                    Christopher J. Roth
                                                    Roth Weinstein, LLC
                                                    713 S. 16th St.
                                                    Omaha, NE 68102
                                                    Office: (402) 346-0720
                                                    Fax: (402) 615-6223
                                                    Roth@RothWeinstein.com